UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY; MEGAN ACKERMAN; ELLEN BRODSKY; DARRAGH BURGESS; DONALD MOYNIHAN; and ELIZABETH WEST,

Plaintiffs,

v.

DONALD J. TRUMP, President of the United States; and DANIEL SCAVINO, Assistant to the President and Deputy Chief of Staff for Communications,

Defendants.

Civil Action No. __________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Introduction**

1. More than two years ago in a ruling affirmed by the U.S. Court of Appeals for the Second Circuit, this Court held that Defendants violated the First Amendment by blocking certain individuals on the basis of viewpoint from President Donald Trump's Twitter account, @realDonaldTrump. *Knight First Amendment Inst. at Columbia Univ. v. Trump* (*Knight Institute I*), 302 F. Supp. 3d 541, 580 (S.D.N.Y. 2018), *aff'd*, 928 F.3d 226, 230 (2d Cir. 2019), *reh'g en banc denied*, 953 F.3d 216 (2d Cir. 2020). After the Court's ruling, Defendants unblocked the accounts of the individuals who had brought suit. In response to multiple requests from counsel for Plaintiff Knight First Amendment Institute at Columbia University ("Knight Institute"), Defendants also unblocked the accounts of other individuals who had been blocked based on viewpoint. However, Defendants refused to unblock all of them. Plaintiffs bring this lawsuit to

compel Defendants to unblock these other accounts and allow their users to participate once again in the public forum that Defendants have established.

2. This case is made necessary because Defendants continue to unconstitutionally block two categories of individuals from the @realDonaldTrump Twitter account. The first category comprises individuals who were blocked from the account during President Trump's presidency but who cannot specify, or provide a copy of, the specific tweet that provoked Defendants to block them. The second category comprises individuals who were blocked from the account before President Trump was inaugurated but whom Defendants continue to block today. Each of the Individual Plaintiffs[1] in this case falls into one of these two categories.

3. Defendants' continued blocking of these two categories of individuals violates the First Amendment. This Court has already held that President Trump's Twitter account is a public forum. 302 F. Supp. 3d at 575. The Individual Plaintiffs were blocked from this forum because of opinions they expressed in replying to the President's tweets, or in tweets that "mentioned," or tagged, the President's Twitter account. Because of their criticism of the President, they have been prevented or impeded from viewing the President's tweets, from replying to those tweets, from viewing the discussions associated with the tweets, and from participating in those discussions. Defendants' continued blocking of the Individual Plaintiffs unconstitutionally impairs the right of the Individual Plaintiffs to participate in a public forum and violates the right of the Knight Institute to hear dissenting views in that forum. Defendants' actions also unconstitutionally restrict the Individual Plaintiffs' rights to access important government information and to petition the government for redress of grievances.

---

[1] Throughout this complaint, "Individual Plaintiffs" refers to Plaintiffs Megan Ackerman, Ellen Brodsky, Darragh Burgess, Donald Moynihan, and Elizabeth West.

4. Plaintiffs respectfully ask that the Court declare that the viewpoint-based blocking of the Individual Plaintiffs violates the First Amendment; order Defendants to unblock the Individual Plaintiffs' accounts; and order Defendants to unblock all other accounts that have been blocked from the @realDonaldTrump account except where Defendants can justify the blocking on an individualized basis.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (e)(1). A substantial part of the events giving rise to this claim occurred in this District, and each Defendant is an officer of the United States sued in his official capacity.

## Parties

7. The Knight Institute is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press in the digital age through strategic litigation, research, and public education. The Knight Institute's staff operates a Twitter account under the handle @knightcolumbia, and that account follows @realDonaldTrump, the accounts of the Individual Plaintiffs, and at least 27 other accounts that Defendants have blocked from the @realDonaldTrump account.

8. Plaintiff Megan Ackerman is a digital specialist with the American Federation of Teachers. She operates a Twitter account under the handle @MissMeganEmily.

9. Plaintiff Ellen Brodsky is a freelance writer, blogger, and researcher. She operates a Twitter account under the handle @NewsHoundEllen.

10. Plaintiff Darragh Burgess is a caregiver and former teacher. She operates a Twitter account under the handle @BeachBliss13.

11. Plaintiff Donald Moynihan is a professor of public policy at Georgetown University. He operates a verified Twitter account under the handle @donmoyn.

12. Plaintiff Elizabeth West is an actor. She operates a Twitter account under the handle @Limeylizzie.

13. Defendant Donald Trump is the President of the United States and is sued in his official capacity only. President Trump operates and oversees the operation of a verified Twitter account under the handle @realDonaldTrump. The President and/or his subordinates have blocked all of the Individual Plaintiffs from this account.

14. Defendant Daniel Scavino is an Assistant to the President and Deputy Chief of Staff for Communications and is sued in his official capacity only. Until April 21, 2020, Mr. Scavino served as the White House Director of Social Media and Assistant to the President, after which he was promoted to his current position. Mr. Scavino posts messages on behalf of President Trump to @realDonaldTrump and other social media accounts, including @POTUS and @WhiteHouse. Mr. Scavino has access to the @realDonaldTrump account, including the access necessary to block and unblock individuals from the @realDonaldTrump account.

## Factual Allegations and Procedural History

### I. The Previous Rulings that Defendants' Viewpoint-Based Blocking of Individuals from the @realDonaldTrump Twitter Account Violates the First Amendment

15. Attached as Exhibit A to this Complaint is the complaint filed in *Knight Institute I*. The factual allegations concerning Twitter and Defendants'operation of the @realDonaldTrump account are incorporated herein by reference. *See* Exhibit A ¶¶ 19–45.

16. In *Knight Institute I*, this Court ruled on May 23, 2018 that the @realDonaldTrump account reflects state action, that the interactive space associated with the President's tweets constitutes a designated public forum, and that Defendants violated the First Amendment by

blocking the individual plaintiffs in that case from this forum because of viewpoints they expressed in replies to the President's tweets. Defendants did not contest that the President had discriminated against the individual plaintiffs based on their viewpoints when he blocked them from the @realDonaldTrump account, and this Court held that Defendants' "continued exclusion of the individual plaintiffs based on viewpoint is . . . impermissible under the First Amendment." *Id.* at 575. As a matter of discretion, the Court issued only declaratory relief, writing: "Because no government official is above the law and because all government officials are presumed to follow the law once the judiciary has said what the law is, we must assume that the President and Scavino will remedy the blocking we have held to be unconstitutional." *Id.* at 580.

17. On July 9, 2019, the Second Circuit affirmed. *Knight First Amendment Inst.*, 928 F.3d at 230–38. On March 23, 2020, the Second Circuit denied Defendants' petition for rehearing en banc. 953 F.3d at 226 (2d Cir. 2020).

## II. Defendants' Continued Viewpoint-Based Blocking of Individuals from the @realDonaldTrump Account

18. On June 4, 2018, on the same day they filed their notice of appeal from this Court's judgment, Defendants' counsel informed Plaintiffs' counsel that the seven individuals who had sued in *Knight Institute I* had been unblocked from the @realDonaldTrump account.

19. After those plaintiffs were unblocked, dozens of other people informed the Knight Institute that they were still blocked from the President's account. Beginning on August 10, 2018, the Knight Institute on numerous occasions provided Defendants' counsel with lists of individuals who had asked the Knight Institute to request that they be unblocked from the @realDonaldTrump account. In correspondence stretching over nearly two years, Defendants' counsel informed the Knight Institute that some of the individuals on the lists had been unblocked.

20. Defendants refuse, however, to unblock two categories of individuals. As noted above, the first category comprises individuals who were blocked from the @realDonaldTrump account during President Trump's presidency but who cannot specify, or provide a copy of, the specific tweet that provoked Defendants to block them. The second category comprises individuals who were blocked from the @realDonaldTrump account before he was inaugurated but who remain blocked today. Plaintiffs Darragh Burgess and Donald Moynihan fall into the first category; Plaintiffs Megan Ackerman, Ellen Brodsky, and Elizabeth West fall into the second. The Knight Institute has sent multiple letters and emails to Defendants explaining that the continued blocking of these individuals from the @realDonaldTrump account violates the First Amendment, and asking Defendants to unblock these individuals' accounts, but Defendants have expressly refused.

21. On July 20, 2020, Defendants informed the Knight Institute again that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

### A. Individual Plaintiffs Who Were Blocked During President Trump's Presidency But Who Cannot Specify, or Provide a Copy of, the Specific Tweet That May Have Prompted the Blocking

22. Defendants' continued blocking of Individual Plaintiffs Burgess and Moynihan violates their First Amendment rights. It unconstitutionally restricts their rights to read or participate in the discussion occurring in the public forum of the @realDonaldTrump account. It also unconstitutionally restricts their right to access statements that Defendants are otherwise making available to the public at large, and their right to petition the government for redress of grievances.

*Darragh Burgess*

23. Plaintiff Darragh Burgess is a caregiver and former teacher. Ms. Burgess operates the Twitter account @BeachBliss13, which has approximately 1,303 followers.

24. Ms. Burgess has never followed the @realDonaldTrump account but she has often "mentioned" the @realDonaldTrump account by including the account's handle in tweets criticizing the President or his policies.

25. Defendants blocked Ms. Burgess from the @realDonaldTrump account on or around July 30, 2017. Ms. Burgess is not certain which of her tweets prompted the blocking. Ms. Burgess discovered that she had been blocked from the @realDonaldTrump account on July 30, 2017.

26. On July 2, 2020, the Knight Institute requested that Defendants unblock @BeachBliss13. Defendants refused, stating that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

27. Defendants' blocking of Ms. Burgess from the @realDonaldTrump account prevents or impedes her from viewing the President's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

*Donald Moynihan*

28. Plaintiff Donald Moynihan is a professor of public policy at Georgetown University and a visiting professor at the University of Oxford. He has authored two books, numerous scholarly articles, and op-eds in the *Los Angeles Times* and the *New York Times*, among other outlets. Professor Moynihan operates the verified Twitter account @donmoyn, which has approximately 33,800 followers.

29. Professor Moynihan began following the @realDonaldTrump account after Donald Trump announced his campaign for the presidency. Before he was blocked, Professor Moynihan monitored President Trump's tweets closely. He often responded to tweets from

@realDonaldTrump, and he was an active participant in the comment threads. His tweets directed toward @realDonaldTrump were generally critical of the President or his policies.

30. Defendants blocked Professor Moynihan from the @realDonaldTrump account in late July 2017. In the days immediately preceding the blocking, Professor Moynihan had replied to multiple tweets from @realDonaldTrump with criticism primarily related to the then-ongoing investigation by Special Counsel Robert Mueller. However, because Professor Moynihan periodically deletes his older tweets, and has deleted his tweets from this period, he is not certain which of his tweets prompted the blocking. Professor Moynihan discovered that he had been blocked from the @realDonaldTrump account on July 21, 2017.

31. On numerous occasions, including at least September 12, 2018, March 14, 2019, and May 22, 2019, the Knight Institute requested that Defendants unblock @donmoyn. Defendants refused, stating that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

32. Defendants' blocking of Professor Moynihan from the @realDonaldTrump account prevents or impedes him from viewing the President's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

### B. Individual Plaintiffs Who Were Blocked Before President Trump Took Office

33. Defendants' continued blocking of Individual Plaintiffs Ms. Ackerman, Ms. Brodsky, and Ms. West violates their First Amendment rights. It unconstitutionally restricts their rights to read or participate in the discussion occurring in the public forum of the @realDonaldTrump account. It also unconstitutionally restricts their right to access statements that

Defendants are otherwise making available to the public at large, and their right to petition the government for redress of grievances.

*Megan Ackerman*

34. Plaintiff Megan Ackerman is a digital specialist with the American Federation of Teachers. Ms. Ackerman operates the personal Twitter account @MissMeganEmily, which has approximately 1,943 followers.

35. Although Ms. Ackerman does not believe that she ever followed the @realDonaldTrump account, she often closely read tweets from @realDonaldTrump before Mr. Trump was elected President.

36. Mr. Trump blocked Ms. Ackerman on or around December 2, 2015. That day, Ms. Ackerman tweeted from her @MissMeganEmily account to draw attention to a critical email that she had sent to Mr. Trump's presidential campaign on behalf of Bend the Arc, a Jewish advocacy organization. Her tweet mentioned @realDonaldTrump. A few hours later, Ms. Ackerman discovered that she had been blocked from the @realDonaldTrump account.

37. On numerous occasions, including at least September 12, 2018, March 14, 2019, and May 22, 2019, the Knight Institute requested that Defendants unblock @MissMeganEmily. Defendants refused, stating that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

38. Defendants' blocking of Ms. Ackerman from the @realDonaldTrump account prevents or impedes her from viewing the President's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

*Ellen Brodsky*

39. Plaintiff Ellen Brodsky is a freelance writer, blogger, and researcher. Ms. Brodsky operates the Twitter account @NewsHoundEllen, which has approximately 1,898 followers.

40. Although Ms. Brodsky does not believe that she ever followed the @realDonaldTrump account, she monitored his tweets and cable news appearances in the years before he was elected President, and she would occasionally respond to tweets from and mention the @realDonaldTrump account. Her tweets directed at @realDonaldTrump were generally critical of Mr. Trump's purported investigation into whether then–President Barack Obama was born in the United States.

41. Ms. Brodsky does not know on exactly what date Defendants blocked her from the @realDonaldTrump account, but she was blocked before the President took office. Ms. Brodsky is also not certain which of her tweets prompted the blocking. Ms. Brodsky tweeted about the fact that she was blocked from @realDonaldTrump on July 21, 2016.

42. On numerous occasions, including at least September 12, 2018, March 14, 2019, and May 22, 2019, the Knight Institute requested that Defendants unblock @NewsHoundEllen. Defendants refused, stating that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

43. Defendants' blocking of Ms. Brodsky from the @realDonaldTrump account prevents or impedes her from viewing the President's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

*Elizabeth West*

44. Plaintiff Elizabeth West is an actor. Ms. West operates the Twitter account @Limeylizzie, which has approximately 7,747 followers.

45. Ms. West began following the @realDonaldTrump account before Mr. Trump announced his campaign for the presidency. Before she was blocked, Ms. West monitored Mr. Trump's tweets closely. She responded to tweets from @realDonaldTrump, and she was an active participant in the comment threads. Her tweets directed toward @realDonaldTrump were generally critical of Mr. Trump.

46. Ms. West does not know on exactly what date Defendants blocked her from the @realDonaldTrump account, but she knows she was blocked before the President took office. Ms. West tweeted about the fact that she was blocked from @realDonaldTrump on December 6, 2015.

47. On numerous occasions, including at least September 12, 2018, March 14, 2019, and May 22, 2019, the Knight Institute requested that Defendants unblock @Limeylizzie. Defendants refused, stating that "Donald Trump does not intend to unblock persons who were blocked prior to his inauguration or who cannot identify a tweet that preceded and allegedly precipitated the blocking."

48. Defendants' blocking of Ms. West from the @realDonaldTrump account prevents or impedes her from viewing the President's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

### C. The Effect of Defendants' Continued Blocking on the Knight Institute's Right to Hear

*Knight Institute*

49. Although the Knight Institute has not been blocked from the @realDonaldTrump account, the viewpoint-based exclusion of the Individual Plaintiffs and other blocked users from

this forum prevents the Knight Institute from hearing the speech that the blocked users would have engaged in had they not been blocked. Because the First Amendment protects the right to hear as well as the right to speak, Defendants' viewpoint-based blocking of the Individual Plaintiffs and other blocked users violates the Knight Institute's First Amendment rights by distorting the expressive forum in which the Knight Institute and other non-blocked users participate.

50. The Knight Institute is aware of 27 individuals, in addition to the Individual Plaintiffs, who fall into the categories described above. Defendants may be blocking many others, however. The Knight Institute learns of blocked users if they contact the Knight Institute of their own accord, or if their stories are reported in the media. Only Defendants know how many individuals have been blocked in total, and for what reasons they have been blocked.

## Causes of Action

### Violation of the First Amendment of the U.S. Constitution (Declaratory and Injunctive Relief)

51. Defendants' blocking of the Individual Plaintiffs from the @realDonaldTrump account violates the First Amendment because it imposes a viewpoint-based restriction on the the Individual Plaintiffs' rights to read or participate in a public forum.

52. Defendants' blocking of the Individual Plaintiffs from the @realDonaldTrump account violates the First Amendment because it imposes a viewpoint-based restriction on the Individual Plaintiffs' right to access to official statements Defendants otherwise make available to the general public.

53. Defendants' blocking of the Individual Plaintiffs from the @realDonaldTrump account violates the First Amendment because it imposes a viewpoint-based restriction on the Individual Plaintiffs' right to petition the government for redress of grievances.

54. Defendants' blocking of the Individual Plaintiffs and other accounts from the @realDonaldTrump account based on their viewpoints violates the First Amendment because it imposes a viewpoint-based restriction on the Knight Institute's right to hear.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court:

1. Declare Defendants' viewpoint-based blocking of the Individual Plaintiffs and other individuals from the @realDonaldTrump account to be unconstitutional;

2. Enter an injunction requiring Defendants to unblock the Individual Plaintiffs from the @realDonaldTrump account, and requiring Defendants to unblock all accounts that have been blocked from the @realDonaldTrump account except where Defendants can justify the blocking on an individualized basis;

3. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 2412; and

4. Grant any additional relief as may be just and proper.

Dated: July 31, 2020

Respectfully submitted,

*/s/ Katherine Fallow*

Katherine Fallow (KF-2535)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Carrie DeCell (CD-0731)
Meenakshi Krishnan
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org

Jessica Ring Amunson
Kara Brandeisky

Tassity Johnson
Tali Leinwand
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
*Attorneys for Plaintiffs*